IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA JEAN WINEGARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00187-DGK |
| | ) | |
| MICHELLE A. KING, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Melissa Jean Winegarner's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including diabetes mellitus, sciatica, degenerative disc disease of the cervical spine, migraines without aura without status migrainosus, and obesity. Nevertheless, the ALJ found she retained the residual functional capacity ("RFC") to perform a range of light work with certain physical restrictions. The ALJ ultimately found Plaintiff could perform work as a marker, routing clerk, collator operator, cotton classer aide, and ironer. Alternatively, the ALJ found that if Plaintiff was further limited to a range of sedentary work, she could perform work as a document preparer, touch-up screener, and table worker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff protectively filed for SSI on June 22, 2021, alleging a disability onset date of June 22, 2021. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on November 28, 2022, and issued a decision finding Plaintiff was not disabled on April 5, 2023. The Appeals Council denied Plaintiff's request for review on January 17, 2024, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues her RFC is not supported by substantial evidence because the ALJ: (1) failed to incorporate the mild mental limitations she assessed at Step Two into the RFC at Step Four; (2) failed to properly evaluate a medical opinion; and (3) otherwise failed to support her findings. Plaintiff's arguments are unavailing.

**I.     The ALJ did not err in omitting Plaintiff's mild mental limitations from the RFC.**

At Step Two, the ALJ found Plaintiff's mental limitations were "non-severe" but still caused mild restrictions in all four of the functional categories. R. at 20–21. Plaintiff contends the ALJ erred by failing to incorporate those mild impairments into the RFC. The Court has consistently rejected this exact argument because it ignores the distinction between Steps Two and Four. *See McRoy v. Berryhill*, No. 6:17-CV-03373-DGK-SSA, 2018 WL 6584481, at *2 (W.D. Mo. Dec. 14, 2018) (collecting cases). Because the ALJ found that Plaintiff's mental symptoms did not cause more than a minimal limitation in her ability to do basic work activities, no mental limitations in the RFC were necessary. Accordingly, the ALJ committed no error.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

## II. The ALJ was not required to evaluate the persuasiveness of the alleged medical opinion.

At Step Four, the ALJ formulated Plaintiff's RFC. In doing so, the Regulations require an ALJ to evaluate the persuasiveness of medical opinions. *See* 20 C.F.R. § 416.920c. Plaintiff argues her RFC is not supported by substantial evidence because the ALJ failed to properly evaluate the persuasiveness of a physician's treatment note. The Commissioner contends the treatment note is not a medical opinion, but rather falls under the category of "other medical evidence," and therefore, the ALJ was not required to evaluate its persuasiveness. *See* 20 C.F.R. § 416.913(a)(3).

The Commissioner's argument is persuasive. The treatment note is clearly "treatment prescribed with response." *See id.* The treatment note states the following:

> The patient has edema of both legs, this is likely secondary to dehydration or lack of exercise. She was encouraged to sip her water throughout the day. In addition, she is to elevate the legs, while she is seated. If this persists, then she will be checked further for renal/cardiac causes, electrolyte abnormalities. F/u in 4 weeks.

R. at 669. There are no other treatment notes indicating the issue persisted or required further treatment. Contrary to Plaintiff's contention, the treatment note is not a medical opinion as defined by the Regulations. That is, it is not a "statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *See* 20 C.F.R. § 416.913(a)(2).

Accordingly, the ALJ committed no error.

## III. The RFC is otherwise supported by substantial evidence.

Lastly, Plaintiff offers a cornucopia of arguments for why the RFC is not supported by substantial evidence. Each argument is unavailing.

First, Plaintiff argues the ALJ improperly characterized her physical examination findings as normal with mildly reduced range of motion. An independent review of the record supports the ALJ's finding that "[d]espite her impairments objective findings in physical examinations have been largely normal aside from some tenderness and mildly reduced spinal range of motion, with no sensory or significant ongoing motor deficits noted, normal gait, and intact neurological exams." R. at 24. Further, the "contrary" evidence Plaintiff cites mostly predates her alleged onset date or directly supports the ALJ's findings. *See* R. at 417, 423, 428, 434, 439, 446, 457, 468.

Second, Plaintiff criticizes the ALJ's reliance on her daily activities. The ALJ considered Plaintiff's daily activities as only one factor of many in determining whether she could perform a range of light work. R. at 24 ("Additionally, she has reported a broad range of activities consistent with a level of light work, including 'staying busy,' spending time outside, helping a friend with their wedding, caring for neighbors and children, cooking, and having family over for the holidays."). And even if this was error, it is harmless because the ALJ alternatively found there were sufficient jobs in the national economy if Plaintiff was further limited to a range of sedentary work. *See* R. at 26.

Third, Plaintiff argues the ALJ failed to consider her left shoulder pain. Plaintiff cites no evidence of left shoulder pain during the relevant period. Moreover, an ALJ is not required to discuss every piece of evidence in the record. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted.").

Fourth, Plaintiff argues the ALJ insufficiently considered her testimony that she continued to have two to three migraines per month which would last for one to three hours. The ALJ found that Plaintiff's migraines had largely resolved after receiving Botox and cited medical records

5

indicating her migraines were reduced to twice per month, each lasting one hour. R. at 24; *see also* R. at 827, 1569. Aside from conclusory statements, Plaintiff provides no meaningful argument for how the ALJ's finding renders her RFC unsupported by substantial evidence.

Lastly, Plaintiff argues the ALJ failed to consider her right hip pain. This argument misstates the record. The ALJ stated the following:

> She has received injections for bursitis in her right hip after complaining of pain in November 2021 and some range of motion limitations have been noted (Exhibits B12F/46; B13F/28), but there is no imaging confirming any issues in the hip and she has not sought further treatment since June 2022.

R. at 19. Although not included in the Step Four discussion, the ALJ's opinion, when read as a whole, clearly demonstrates Plaintiff's right hip pain was considered.

Accordingly, the RFC is supported by substantial evidence on the record as a whole.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 20, 2025              /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT